OPINION OF THE COURT — by the
IIow. EDWARD TURNER.
This case appears to have been submitted without argument, and we *245 have not the benefit of a brief on either side. On looking into the records; we find this to be an original suit in chancery, brought by the complainant to foreclose a mortgage given on real estate, for the purchase money remaining due. The defendants answered the bill, and the cause was heard in the superior court, of chancery for the western district, on the bill, answer and exhibits. The chancellor decreed that the bill be dismissed, and the complainant appealed. The complainant and his wife sold various interests which they had and held in several tracts of land ; one was a right which the complainant held to a tract of land purchased by him of the United States; another was his wife’s right of dower in another tract, and the other was the right of her infant child which she had by her first husband,- to the same tract in which she claimed dower. The' complainant gave bond to- the purchaser to make title or to indemnify him against the claim of the infant,- and took notes for the purchase money. It does not appear there was any fraud, deceit, falsehood or misrep resentation in the transaction. The infant has not arrived at full age, and the purchaser has not been evicted, but for aught that appears, he and those claiming under him,remain in the peaceable and undisturbed possession of the lands in question. The defendants resist the recovery sought by the the complainant, and pray for a reeission of the contract, on the ground that the complainant sold land to which he had not the title. Although C. W. Miller could not Sell the right of another person to a tract of land, to the prejudice of the real owner, yet, having possession, and an undivided interest in the premises, and having sold each interest separately, but given possession of the whole to the purchaser, and as it appears, the purchaser sought the contract, and took the security he required, and he and his heirs remaining in the quiet and peaceable possession of the premises, we can see no reason why he should not pay the purchase money; It may be that the legal representatives of Walter Owen may never be disturbed, that the infant whose land has been sold may sanction the contract when she comes of age, may release to C. W. Miller and wife, or those claiming under them. But if Eliza Owen should not sanction this sale, but should s.ue for and recover the land of Walter Owen’s heirs, or other legal representatives, C. W. Miller will be liable for the purchase money and inter, est on the bond which he and his wife executed for that purpose. If Wal *246 ter Owens1 heirs, &<c. as he is dead, should have to pay the rents and profits to Elizabeth Owen, it will be because they have enjoyed them. sWal-ter Owen entered voluntarily into this contract. It appears that he sought it, and from the smallness'of the consideration which he agreed to pay, it would seem that it was almost a matter of indifference to him,so that he obtained quiet and undisturbed possession of the entire premises. We-are of opinion,, therefore, that the decree of the chancellor, be, and the same is hereby reversed,,and a. decree of foreclosure ordered with costs.